## PEOPLE v. FREDERICK.

(Supreme Court, General Term, Third Department. November 22, 1892.)

JUDGE—DISQUALIFICATION—ATTORNEY IN SAME CAUSE.

Where a party objects to being tried before a judge on the ground that he has been attorney in the same matter, which objection is overruled, and the record on appeal does not show whether it was overruled as not true in fact, or as not a good defense in law, it will be presumed to have been for the latter reason, and a new trial will be granted.

Appeal from court of sessions, Fulton county.

Philip W. Frederick was convicted before a justice of the peace of Fulton county as a disorderly person. From a judgment of the court of sessions affirming the judgment of conviction, defendant appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Frank L. Anderson, for appellant.

William Green, (Andrew J. Nellis, of counsel,) for respondent.

HERRICK, J. The defendant, it appears, had been convicted as a disorderly person, and that conviction being reversed, he was again prosecuted, as, it is claimed, upon the same facts, for the same charge. Upon being arraigned before the magistrate, he objected to his jurisdiction, upon the ground that the magistrate appeared as attorney for the prosecution in this matter before another justice. It does not appear that the fact then claimed in the presence of the magistrate was denied, but the objection appears to have been passed upon as a question of law, and the objection overruled. It needs no citation of authorities to show that a magistrate who has once been attorney in a matter cannot act as a judge in the same matter. Section 46, Code Civil Proc., is but a re-enactment of the common law. And in a matter which, if true, reflects so scandalously upon the administration of justice, the appellate court will not indulge in any presumptions to sustain a judgment where such an objection is made. The objection was made in open court. There was no occasion for the defendant to give evidence to satisfy the magistrate of the fact. He knew whether it was true or false; and when the record is left in such a condition that the appellate court cannot tell whether the magistrate overruled the objection as not true as a matter of fact, or whether he overruled it as not good in law, the court will not assume that it was for the latter reason. If not true in fact, it should be indicated on the record. And if any error is made by the appellate court, it is better to err on that side which will relieve the administration of the law from the stain that would be placed upon it by upholding a conviction pronounced by a magistrate who had been the prosecutor of the defendant upon the same charge before another tribunal. This conclusion renders it unnecessary to consider the other questions in the case.

Let the judgment be reversed. All concur.